NOT DESIGNATED FOR PUBLICATION

No. 117,314

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST R. DANIELS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed September 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Ernest R. Daniels appeals the district court's decision to revoke his probation and impose the underlying prison sentence. We granted Daniels' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48), which, in its response, the State did not contest. After review, we affirm the district court.

Daniels pled guilty to one count of fleeing and eluding, a severity level 9 person felony, and the district court sentenced Daniels to 11 months in prison but placed him on probation from that sentence for 12 months. The district court also allowed Daniels to transfer supervision of his probation to Colorado. While Daniels was on probation, the State filed an order to appear alleging that Daniels had failed to pay court costs. The State

then filed a second order to appear, alleging that Daniels had committed the crime of misdemeanor trespass in Colorado. At the probation violation hearing, Daniels admitted to committing this new crime but offered an explanation in mitigation. Specifically, Daniels claimed that his crime was riding on public transit without a ticket and that he simply did not have his ticket with him that day. Daniels' evidence in mitigation notwithstanding, the district court revoked Daniels' probation and imposed his underlying prison sentence.

On appeal, Daniels argues the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. ___, Syl. ¶ 7, 398 P.3d 856, 859 (2017). Daniels bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). However, because Daniels admitted he violated his probation by committing a new crime, the district court had the discretion to revoke his probation. See K.S.A. 2016 Supp. 22-3716(c)(8); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). While admittedly Daniels' explanation, if true, could cause a reasonable person to differ with the district court's revocation decision, we cannot hold that no reasonable person would have taken the same position. In considering what action to take, the district court cited several other factors, including the defendant's full criminal history record, the facts of the underlying offense of conviction, and the recommendation of the defendant's Kansas probation supervisor. We conclude the district court did not abuse its discretion in revoking Daniels' probation and imposing the underlying prison sentence.

Affirmed.

2